[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13995
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01637-JOF


SPECTRUM CREATIONS, LP,

Plaintiff-Counter Defendant-Appellant,

versus

HOME DEPOT U.S.A., INC.,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 21, 2014)




Before HULL, MARCUS, and EDMONDSON, Circuit Judges.

PER CURIAM:

Spectrum Creations, LP appeals the district court's grant of summary judgment in favor of Home Depot U.S.A., Inc. on Spectrum Creation's claims for breach of contract, breach of duty of good faith and fair dealing, breach of fiduciary duty, negligence and negligent misrepresentation, and fraud.[1]  No reversible error has been shown; we affirm.

Spectrum Creations, a lighting distributor, contracted with Home Depot to supply lighting products to Home Depot's stores.  The relationship between Spectrum Creations and Home Depot was governed by four contracts: (1) the Supplier Buying Agreement ("SBA"),[2] a standard form contract governing Home Depot's relationship with each of its vendors; (2) an annual USA Rebate Agreement, requiring Spectrum Creations to pay a percentage discount based on actual annual sales; (3) an annual USA Marketing Agreement, requiring Spectrum Creations to pay a portion of Home Depot's annual marketing costs; and (4) the Exclusive Sales Agreement, giving Home Depot the exclusive right to sell Spectrum Creations's products in the pertinent market.

---

[1] The district court determined -- and Spectrum Creations does not challenge -- that Spectrum Creations abandoned its claims for fraud, breach of fiduciary duty, and "various cost and overpayment arguments."

[2] Spectrum Creations and Home Depot first entered into a Vendor Buying Agreement which was superseded by the SBA in 2003.

2

After working with Home Depot for nearly twelve years, Spectrum Creations began struggling financially.  Spectrum Creations ultimately stopped selling its products and terminated its relationship with Home Depot in May 2009.

In August 2010, Spectrum Creations filed this civil action against Home Depot.  Briefly stated, Spectrum Creations alleged that, as a result of Home Depot's failure to satisfy its contractual obligations and to act in good faith, Spectrum Creations was forced out of business.

The district court determined that Spectrum Creations's claims were barred by the SBA's one-year limitations period.  In the alternative, the district court also determined that Spectrum Creations failed to provide sufficient evidence from which a reasonable jury could conclude that Home Depot's alleged conduct caused Spectrum Creations to suffer actual damages.

We review de novo a district court's grant of summary judgment.  Holloman v. Mail-Well Corp., 443 F.3d 832, 836 (11th Cir. 2006).  "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law in favor of the moving party."  Id. at 836-37.

Under the SBA, Spectrum Creations "agree[d] to bring any claim or dispute against The Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute."  Spectrum Creations does not

3

dispute that the latest "event giving rise" to its claims occurred in May 2009, when Spectrum Creations terminated its relationship with Home Depot. Because Spectrum Creations filed its complaint more than one year later, this case turns on whether Spectrum Creations's claims are governed by the SBA's one-year limitations period.

Spectrum Creations contends that the SBA's limitations period applies only to disputes arising out of, or involving, the SBA and, thus, is limited to disputes involving purchase orders. Spectrum Creations argues that, because its claims arise out of Home Depot's breach of the Exclusive Sales Agreement, the USA Marketing Agreement, and the USA Rebate Agreement -- not the SBA -- the SBA's limitations period does not apply. We must disagree.

First, the plain language of the SBA's limitations period applies to "any claim or dispute against The Home Depot." This language is "brief, unequivocal and all-encompassing." See Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1221 (11th Cir. 2000) (interpreting an agreement to arbitrate "any dispute . . . or claim" to mean that "the parties agreed to arbitrate any and all claims against each other, with no exceptions."). Nothing in the SBA restricts the limitations period to disputes involving the SBA or purchase orders. The language of the contractual limitations period is unambiguous. See id. (noting that the phrase "any dispute" "is

4

not vague solely because it includes the universe of the parties' potential claims against each other.").

Second, the contractual agreements upon which Spectrum Creations's claims rely incorporate expressly the terms of the SBA. The Exclusive Sales Agreement says specifically that the parties intend for the Exclusive Sales Agreement to supplement the terms of the Vendor Buying Agreement (which was later superseded by the SBA). The USA Marketing Agreement and the USA Rebate Agreement also provide that purchases covered by those agreements will be governed by the SBA.

Based on this record, we conclude that each of the contractual agreements between Home Depot and Spectrum Creations incorporated the terms of the SBA and, thus, are governed by the SBA's limitations period. This conclusion is supported further by Home Depot's letter notifying Spectrum Creations that the USA Rebate Agreement, the USA Marketing Agreement, and the Exclusive Sales Agreement, "are hereby ratified and made part of the SBA . . . ."

Because Spectrum Creations's claims are governed by the SBA's limitations period and because Spectrum Creations filed its complaint more than one year after

the occurrence of events giving rise to its causes of action, the district court

dismissed properly Spectrum Creations's claims as time-barred.[3]

    AFFIRMED.

---

[3] Because we affirm on timeliness grounds, we need not address the district court's alternative determination that Spectrum Creations failed to present evidence sufficient to create a genuine issue of material fact about damages.

6